**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ABEL BRAVO,
on behalf of himself,
FLSA Collective Plaintiffs and the Class,   12 Civ. 9044 (DLC)(JCF)

          Plaintiff,

          v.

ESTABLISHED BURGER ONE LLC, et al.,

          Defendants.

---

JOSE MARTINEZ, SERGIO CERQUEDA,
and ENRIQUE ALLENDE,
on behalf of themselves,   13 Civ. 7452 (DLC)(JCF)
FLSA Collective Plaintiffs and the Class,

          Plaintiffs,

          v.

ESTABLISHED BURGER ONE LLC, et al.,

          Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE SERVICE AWARDS**

**LEE LITIGATION GROUP, PLLC**
C.K. Lee
30 East 39th Street, 2nd Floor
New York, New York 10016
Telephone: (212) 465-1188
Fax: (212) 465-1181

**TABLE OF CONTENTS**

I. INTRODUCTION…………….....……………………………………………………….1

II. FACTUAL BACKGROUND……...……………….............................................1

III. ARGUMENT..............................................................................................................2

The Service Awards that the Class Representatives Request are Reasonable and Should Be Approved ................................................................................................ 2

1. The Class Representatives Assumed Significant Risks as Named Plaintiffs…...................................………………………………………...…….3

2. The Class Representatives Expended Significant Time and Effort ...............................5

3. The Ultimate Recovery Supports the Requested Service Awards ..................................6

IV. CONCLUSION..........................................................................................................7

# TABLE OF AUTHORITIES

**CASES**                                                                                                                                                      **Page(s)**

*Bowens v. Atl. Maint. Corp.*,
546 F. Supp. 2d 55 (E.D.N.Y. 2008)………………................................................2

*Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y. 2005)..........…….........3, 4, 5, 6

*Han, et al., v. AB Green Gansevoort LLC, et al.*,
11 Civ. 2423 (S.D.N.Y. May 22, 2012)……………………………….…………….3, 5

*Han, et al. v. Sterling National Mortgage Company, Inc., et al.*
09 Civ. 5589 (E.D.N.Y. August 9, 2012)……………………………………………3, 5

*Mentor v. Imperial Parking Sys., Inc.*,
No. 05 Civ. 7993, 2010 WL 5129068 (S.D.N.Y. Dec. 15, 2010)…………........................5

*Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*,
No. 08 Civ. 7670, 2010 WL 532960 (S.D.N.Y. Feb. 9, 2010) ..................................… 3, 6

*Roberts v. Texaco, Inc.,* 979 F. Supp. 185 (S.D.N.Y. 1997).....……………......................3

*Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425 (S.D.N.Y. 2007) ...............................4

*Velez v. Majik Cleaning Serv.*,
No. 03 Civ. 8698, 2007 WL 7232783 (S.D.N.Y. June 25, 2007) .........……….................2, 4

*Willix v. Healthfirst, Inc.*,
No. 07 Civ. 1143, 2011 WL 754862 (E.D.N.Y. Feb. 18, 2011)………..........................3, 5

**OTHER AUTHORITIES**

Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006)……………………………………….........……….3

## I. INTRODUCTION

Plaintiffs respectfully move this Court to approve service awards for Named Plaintiffs[1] Abel G. Bravo, Jose Martinez, Enrique Allende and Sergio Cerqueda ("class representatives") each in the amount of $10,000, in recognition of the services they rendered on behalf of the class. Pursuant to the Settlement Agreement, fifty-percent ($5,000) of each Named Plaintiff's service award will be paid out of the settlement fund, upon Court approval of the requested service awards. The balance of each Named Plaintiff's service award ($5,000) will be paid from unclaimed residuals of the settlement fund. We believe such structure is more fair, because it allows more money to go to the people who bore the risk, while allowing the class the opportunity to retain it.

This motion is being filed simultaneously with Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement in this action. These service awards are reasonable in light of the time and effort that Named Plaintiffs Abel G. Bravo, Jose Martinez, Enrique Allende and Sergio Cerqueda expended in furtherance of the class investigation and settlement, and the risks they endured in order to vindicate their rights and those of absent class members.

## II. FACTUAL BACKGROUND

The class representatives have made important contributions to the prosecution and fair resolution of this action on behalf of the class members. *See* Declaration of C.K.

---

[1] All capitalized terms herein (unless otherwise defined), shall have the meanings ascribed to them in the Settlement Agreement and Release dated April 30, 2014

Lee in Support of Plaintiffs' Motion for Approval of Attorneys' Fees and Reimbursement of Expenses and for Class Representative Service Awards ("Lee Dec.") ¶13, 14.  They assisted Class Counsel's investigation and prosecution of the claims by providing detailed factual information regarding their job duties and those of other putative class members, the wages they were paid, the hours that they worked, and other information relevant to the claims. *Id.* at ¶13, 14. Throughout the litigation, the class representatives regularly communicated with Class Counsel and assisted with the preparation of the complaints and discovery requests. Additionally, Named Plaintiffs were prepared to be deposed. *Id.* at ¶13, 14.

### III. ARGUMENT

**The Service Awards that the Class Representatives Request Are Reasonable and Should Be Approved.**

The service awards that the class representatives request are reasonable given the significant contributions they made to advance the prosecution and resolution of the lawsuit.  Courts acknowledge that class representatives play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny, including low-wage workers. *See, e.g., Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 80 (E.D.N.Y. 2008) (recognizing the important role class representatives play in "enabling plaintiffs to redress wrongs . . . [w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages") (internal citations and quotation marks omitted); *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 25, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his

name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.") (internal quotation marks omitted); *see also* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006).   *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) (approving service awards of $30,000, $15,000, and $7,500 in wage and hour action under FLSA and NYLL); *Han, et al. v. Sterling National Mortgage Company, Inc., et al.*, 09 Civ. 5589 (E.D.N.Y. August 9, 2012) (approving service awards of $25,000 to each class representative in wage and hour action under FLSA and NYLL); *Han, et al., v AB Green Gansevoort LLC, et al.*, 11 Civ. 2423 (S.D.N.Y. May 22, 2012) (approving service award of $20,000 in wage and hour action under FLSA and NYLL).  In examining the reasonableness of a requested service award, courts consider: (1) the personal risk incurred by the named plaintiffs; (2) the time and effort expended by the named plaintiffs in assisting the prosecution of the litigation; and (3) the ultimate recovery in vindicating statutory rights. *Frank,* 228 F.R.D. at 187; *Roberts v. Texaco, Inc.,* 979 F. Supp. 185, 200 (S.D.N.Y. 1997).

    **1.    The Class Representatives Assumed Significant Risks as Named Plaintiffs.**

In assessing the reasonableness of service awards, courts consider the risks the Named Plaintiffs assumed in serving as class representatives. *See Frank*, 228 F.R.D. at 187; *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 Civ. 7670, 2010 WL 532960, at *1 (S.D.N.Y. Feb. 9, 2010) ("Enhancement awards for class representatives serve the dual functions of recognizing the risks incurred by named plaintiffs and

3

compensating them for their additional efforts.") In the employment context, where workers are often blacklisted if they are considered "trouble makers," class representatives are particularly vulnerable to retaliation. *See Frank*, 228 F.R.D. at 187-88; *see also Velez*, 2007 WL 7232783, at *7 (observing that by serving as class representatives, the plaintiffs "exposed themselves to the prospect of having adverse actions taken against them by their former employer and former co-workers"); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) ("A class representative who has been exposed to a demonstrable risk of employer retaliation or whose future employability has been impaired may be worthy of receiving an additional payment, lest others be dissuaded.")

Even where there is not a record of actual retaliation, class representatives merit recognition for assuming the risk of retaliation for the sake of absent class members. *See Frank*, 228 F.R.D. at 187-88 ("Although this Court has no reason to believe that Kodak has or will take retaliatory action towards either Frank or any of the plaintiffs in this case, the fear of adverse consequences or lost opportunities cannot be dismissed as insincere or unfounded.")  Although Named Plaintiffs Bravo, Martinez, Allende and Cerquede were not employed by Defendants at the time when they filed the Complaints[2], they still incurred the very real risk of being blacklisted by prospective employers as "problem" employees.  *See Silberblatt*, 524 F. Supp. 2d at 435 (recognizing that former employees face risks to their future employability when they serve as plaintiffs).

Courts routinely approve service awards equal to or exceeding the size requested here in wage and hour class and collective actions. *See Viafara v. MCIZ Corp., et al.* 12-

---

[2] Plaintiff Bravo filed his Complaint in Case No. 12-cv-9044 on December 12, 2012; Plaintiffs Martinez, Allende and Cerqueda filed their Complaint in Case No. 13-cv-7532 on October 25, 2013.

4

cv-7452 (approving a total service award of $25,000 to class representative); *Willix*, 2011 WL 754862, at *7 (approving service awards of $30,000, $15,000, and $7,500); *Han, et al. v. Sterling National Mortgage Company, Inc., et al.*, 09 Civ. 5589 (E.D.N.Y. August 9, 2012) (approving service awards of $25,000 to each class representative in wage and hour action under FLSA and NYLL); *Han, et al., v AB Green Gansevoort LLC*, et al., 11 Civ. 2423 (S.D.N.Y. May 22, 2012) (approving service award of $20,000 in wage and hour action under FLSA and NYLL); *Mentor v. Imperial Parking Sys., Inc.*, No. 05 Civ. 7993, 2010 WL 5129068, at *1-2 (S.D.N.Y. Dec. 15, 2010) (upholding $40,000 and $15,000 service awards in FLSA and NYLL wage and hour action).

### 2. The Class Representatives Expended Significant Time and Effort.

The class representatives should each be awarded service awards for the significant work they undertook on behalf of the class. Courts recognize the important factual knowledge that class representatives bring to employment class actions, including information about employer policies and practices that affect wages. *See de Munecas v. Bold Food, LLC*, Slip Copy, No. 09 Civ. 00440, 2010 WL 3322580, at *10 (S.D.N.Y., August 23, 2010) (noting the importance of "compensat[ing] plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff"); *Frank*, 228 F.R.D. at 187 (recognizing the important role that class representatives play as the "primary source of information concerning the claims[,]" including by responding to counsel's questions and reviewing documents). Service awards are also meant to recognize the important role that class representatives play in the prosecution of the

litigation and settlement negotiations. *See Parker*, 2010 WL 532960, at *1 (recognizing efforts by class representatives in meeting with counsel, reviewing documents, formulating theory of case, identifying and locating other class members to expand settlement participants, and attending court proceedings). As discussed above, throughout the litigation in each of the *Bravo* and *Martinez* cases, respectively, the class representatives assisted Class Counsel's investigation and prosecution of the claims by providing detailed factual information regarding job duties, hours worked, wages paid, and other information relevant to the claims. Lee Dec. ¶10. In addition, the class representatives regularly communicated with Class Counsel and assisted with the preparation of the complaints, amended pleadings, and discovery requests and responses. *Id*. Named Plaintiffs Bravo, Martinez, Allende and Cerqueda were prepared to be deposed, if necessary.

### 3. The Ultimate Recovery Supports the Requested Service Award.

Each Named Plaintiff's requested service award of $10,000 amounts to approximately 5% of the total recovery, which is reasonable in light of the ultimate recovery. *See, e.g., Parker*, 2010 WL 532960, at *2 (finding that service awards totaling 11% of the total recovery are reasonable "given the value of the representatives' participation and the likelihood that class members who submit claims will still receive significant financial awards"); *Reyes*, 2011 WL 4599822 at *7-8 (approving awards representing approximately 16.6% of the settlement); *Frank*, 228 F.R.D. at 187 (approving award of approximately 8.4% of the settlement fund for named plaintiff in

6

wage and hour case). The service awards requested here are justified given the ultimate recovery achieved.

If no plaintiffs were to receive service awards, it would dissuade claimants from agreeing to act as class representatives. All cases would proceed as individual claims and the judicial system would not be able to enjoy the efficiency of class claims that is promoted in the Second Circuit. Secondly, it is inequitable that representative claimants only receive the identical rewards of other class members when they assume the risk of litigation and expended significant time and energy to the litigation.

## IV. CONCLUSION

For the reasons set forth above, Named Plaintiffs respectfully request that the Court approve service awards for each of the Named Plaintiffs in the amount of $10,000 each.

Dated: August 29, 2014

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC

        By: /s/ C.K. Lee
        C.K. Lee (CL 4086)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181
        ***Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class***